Shuhai ZHANG, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76429.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel Department of Homeland Security, Edric M. Ching, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Shuhai Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

"Where the BIA adopts the findings and reasoning of the IJ, this court reviews the decision of the IJ as if it were that of the BIA." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

■ The IJ found that even assuming that Zhang's testimony was credible, Zhang could not demonstrate an objectively reasonable well-founded fear of future persecution. Because the police have a legitimate prosecutorial interest in Zhang due to his physical altercation with a security official, and because the threat of sterilization of Zhang is too speculative, we conclude that substantial evidence supports the IJ's decision. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1045 (9th Cir.2004) (holding that petitioner failed to bear his burden of showing that a criminal investigation had no bona fide objective); *see also Nagoulko,* 333 F.3d at 1018.

■ Because Zhang failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–San-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*tos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**